IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MALIBU MEDIA, LLC,**

    **Plaintiff,**

  vs.                                     **Case No. 2:14-cv-1132**
                                               **Judge Frost**
                                               **Magistrate Judge King**

**JOHN DOE, subscriber assigned
IP address 24.210.137.78,**

    **Defendant.**

## ORDER

     This is a copyright action in which plaintiff alleges that "[b]y using BitTorrent [network], Defendant copied and distributed" plaintiff's copyrighted motion pictures. *Complaint*, Doc. No. 1, ¶¶ 20, 33. Defendant is otherwise identified only by an IP address. *Id*. at ¶ 18; *Exhibit A*, attached to *Complaint*. This matter is now before the Court on plaintiff's *Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference*, Doc. No. 2 ("*Plaintiff's Motion*"). In its motion, plaintiff seeks to conduct limited discovery of a non-party internet service provider to determine the identity of the defendant.

     The Federal Rules of Civil Procedure prohibit "discovery from any source before the parties have conferred as required by Rule 26(f), except," *inter alia*, when authorized by court order. Fed. R. Civ. P. 26(d)(1). Expedited discovery is appropriate upon a showing of good cause. *Arista Records, LLC v. Does 1-15*, No. 2:07-CV-450, 2007 WL

1

5254326, at *2 (S.D. Ohio May 17, 2007).  Good cause is easily established in a copyright infringement case, see id., where, as here, plaintiff has established that it cannot meet its service obligation under Fed. R. Civ. P. 4 without the requested discovery.

Accordingly, *Plaintiff's Motion*, Doc. No. 2, is **GRANTED**. **IT IS HEREBY ORDERED** that plaintiff may serve limited, immediate discovery on defendant's internet service provider, Time Warner Cable, and on later-discovered or intermediary internet service providers in order to obtain the identity of the Doe defendant by serving a Rule 45 subpoena that seeks documents that identify the Doe defendant, including the name, current (and permanent) address and telephone number, e-mail address and Media Access Control addresses for the defendant.  The disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B) where applicable to educational institutions.

**IT IS FURTHER ORDERED THAT** any information disclosed to plaintiff in response to the Rule 45 subpoenas may be used by plaintiff solely for the purpose of protecting plaintiff's rights under the Copyright Act.

August 7, 2014                                    *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge