```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**MALIBU MEDIA, LLC,**

       Plaintiff,

  vs.                                         Civil Action 2:14-cv-1132
                                                          Judge Frost
                                                          Magistrate Judge King

**JOHN DOE,**

       Defendant.

<u>**OPINION AND ORDER**</u>

**I.   Background**

     Plaintiff Malibu Media, LLC, a California limited liability company, claims the copyright to 17 motion pictures.  Plaintiff filed this action on August 6, 2014, alleging that a John Doe defendant, identified only by internet protocol ("IP") address, violated plaintiff's copyrights by downloading plaintiff's motion pictures and sharing them with others using a BitTorrent network, which is a type of peer-to-peer file sharing software.  Through early discovery, *see Order*, ECF 5, plaintiff traced the IP address to one Alan Parsons, who was named as the defendant in the *Amended Complaint*, ECF 6.  Defendant filed an answer to the *Amended Complaint* on December 29, 2014, ECF 10, and a motion for judgment on the pleadings on February 4, 2015.  *Defendant's Motion for Judgment on the Pleadings*, ECF 11.  Defendant argues that he is entitled to judgment on the pleadings because plaintiff failed to register as a foreign limited liability company in

Ohio prior to filing this action and, thus, lacks capacity to bring suit under O.R.C. § 1705.58(A).

This matter is now before the Court on *Defendant's Motion to Stay Discovery* ("*Motion to Stay*"), ECF 24. Defendant seeks "a stay of all discovery deadlines until thirty (30) days after a decision is reached on its pending Motion for Judgment on the Pleadings." *Id*. at p. 1. Plaintiff opposes the *Motion to Stay*, *Plaintiff's Response in Opposition to Defendant's Motion to Stay Discovery* ("*Defendant's Response*"), ECF 25, and defendant has filed a reply. *Reply in Support of Defendant's Motion to Stay Discovery*, ECF 26. This matter is now ripe for consideration.

## II. Standard

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Nevertheless, Rule 26 provides that a person resisting discovery may move the court, for good cause shown, to protect the person or party from "annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the . . . discovery." Fed. R. Civ. P. 26(c)(1)(A). The Court has broad discretion to manage the conduct of discovery and to control its docket. *See ACLU of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010); *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.") (internal quotations omitted); *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996). In determining whether or not to grant a stay of discovery, "a court weighs the burden of proceeding

2

with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tel. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)). Alleged costs associated with discovery, without details of a specific burden, are unlikely to justify a stay of discovery. *See, e.g., City of Lancaster v. Flagstar Bank, FSB*, No. 10-cv-1041, 2011 WL 1326280, at *4-5 (S.D. Ohio Apr. 5, 2011) (refusing to stay discovery where, *inter alia*, the party seeking the stay "makes no effort to detail the specific burdens it will face from discovery in this case; nor does it explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion"). Courts in this division have also "frequently found that 'the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery.'" *Id*. at *3 (quoting *Bowens*, 2010 WL 3719245 at *2). *See also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *2-3 (S.D. Ohio Sept. 7, 2010).

**III. Discussion**

Defendant seeks a stay of discovery pending resolution of *Defendant's Motion for Judgment on the Pleadings*. *Motion to Stay*, p. 1. Defendant argues that discovery should be stayed because 1) "Defendant's pending Motion for Judgment on the Pleadings may be decided as a matter of law, addresses a clear and narrow issue of law, and will likely be decided in Defendant's favor" and 2) the discovery sought is not relevant to the legal issue raised in the dispositive motion. Defendant also argues that "Plaintiff's pending discovery

3

requests present an undue burden on Defendant" because he "will be forced to submit all of his personal electronic devices for review by Malibu Media's forensic expert . . . [and] will be forced to incur the unnecessary cost of hiring a rebuttal forensic IT expert." *Id*. at pp. 1, 5-6. These arguments are without merit.

First, defendant relies on the pending dispositive motion to justify a stay of discovery, but the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery. *See Bowens*, 2010 WL 3719245 at *1 ("[T]he fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery."); *Williams*, 2010 WL 3522397 at *2-3; *Ohio Bell Tel. Co.*, 2008 WL 641252 at *1. Second, the fact that "the present discovery is in no way relevant to the legal issue raised in the [dispositive] Motion," *Motion to Stay*, p. 5, adds nothing to the argument, because discovery is never necessary for the resolution of a motion for judgment on the pleadings. Further, defendant has failed to demonstrate that discovery will be unduly burdensome under the circumstances. Defendant argues that he may have to submit his electronic devices to plaintiff's forensic expert for review and may have to hire a rebuttal expert, but he has failed to detail with specificity what burden this discovery will cause, and he has failed to explain how the burden of discovery is any different from that experienced by every other party that files a potentially case-dispositive motion with this Court. Finally, having reviewed *Defendant's Motion for Judgment on the Pleadings* and the related briefing, it is apparent that none of the parties' contentions are frivolous. *See Williams*, 2010 WL 3522397 at *2 (suggesting that a motion to stay might be appropriate where "it is patent that the case

4

lacks merit and will almost certainly be dismissed"); *Ohio Bell Tel. Co.*, 2008 WL 641252 at *2 (refusing to stay discovery due to a dispositive motion where the issues the motion raised were "fairly debatable").  *Defendant's Motion to Stay Discovery*, ECF 24, is therefore **DENIED**.

May 6, 2015                              *s/Norah McCann King*
                                         Norah M^cCann King
                                         United States Magistrate Judge